IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. 1:15-cr-10018-JDB-3

JIMMY WARDEN,

    Defendant.

_____

ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT
TO 18 U.S.C. § 3582(c)(1)(A)(i)
_____

        Pursuant to a judgment entered November 17, 2017, the Defendant, Jimmy Warden, was sentenced to 115 months' imprisonment, to be followed by three years of supervised release, upon a guilty plea to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Docket Entry ("D.E.") 623.)  He is currently incarcerated in Bureau of Prisons ("BOP") custody at Federal Correctional Institution Fairton in Fairton, New Jersey, and has a projected release date of February 19, 2023. https://www.bop.gov/inmateloc/ (last visited Dec. 28, 2021).  Before the Court is his pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 673), to which the Government has responded (D.E. 676), opposing the relief sought.

        "Sentence modifications are the exception, not the rule[, as] 'a judgment of conviction that includes a sentence of imprisonment constitutes a final judgment that may not be modified by a district court except in limited circumstances.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)) (brackets and some internal quotation marks omitted), *reh'g en banc denied* (Nov. 23, 2021).  One such exception lies in §

1

3582(c)(1)(A)(i), the so-called compassionate release statute. *Id.* "To qualify for compassionate release, a defendant must show that 'extraordinary and compelling reasons warrant such a reduction,' and the district court must consider the [18 U.S.C.] § 3553(a) sentencing factors to the extent they are applicable."[1] *United States v. Bass*, 17 F.4th 629, 635-36 (6th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020)). Since it is dispositive, the Court will address only the first showing. *See United States v. McCall*, ___ F.4th ___, 2021 WL 5984403, at *3 (6th Cir. Dec. 17, 2021) (if any § 3582(c)(1)(A)(i) prerequisite is lacking, the court need not address the other).

Warden, who is forty-five years old, maintains that he suffers from severe obesity, type 2 diabetes, hypertension with a cardiac arrest risk factor of nineteen percent,[2] and chronic obstructive pulmonary disease. On December 18, 2020, he tested positive for COVID-19, was hospitalized, and recovered. He argues that his medical conditions, perceived long-haul COVID-19 symptoms, the continued risk of reinfection with the virus, and the medical treatment he has received while incarcerated place him at a severe risk of serious illness should he remain in prison.

Even accepting the seriousness of the inmate's medical conditions, the Sixth Circuit has held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason'

---

[1] The statute also requires that a movant exhaust his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Thus, "an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). The Government has conceded exhaustion has occurred in this case.

[2] Defendant's BOP medical records dated August 2020 reflect a cardiac risk factor of 1.9 percent rather than nineteen percent. (*See* D.E. 676-4 at PageID 2607.)

warranting a sentence reduction."[3]  *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (quoting *United States v. Lemons*, 15 F.4th 747 (6th Cir. 2021)).  Defendant clearly had access to the vaccine.  According to the BOP website, 921 inmates and 191 staff members at Fairton have received a COVID-19 vaccine to date.[4]  https://www.bop.gov/coronavirus/ (last visited Dec. 28, 2021).  According to his medical records, copies of which have been provided by the Government, Warden is among that number.  The records reflect that he received the first dose of the Pfizer vaccine on March 23, 2021, (D.E. 676-3 at PageID 2601) and the second on April 13, 2021, (*id.* at PageID 2600).  "[F]ollowing full vaccination, it is now well understood[ that] both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced."  *Lemons*, 15 F.4th at 751.  As the *Lemons* court explained:

> with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated.  To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes).  But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19.  And at this intersection of law and science, . . . for people living in close quarters, vaccines offer relief far more effective than a judicial order.

---

[3] So-called "long haul" symptoms—those lasting four or more weeks after initial COVID-19 infection according to the Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects/index.html (last visited Dec. 28, 2021)—do not militate a different result.  *See United States v. Watson*, Case No. 1:17-cr-97-1, 2021 WL 5505514, at **3-4 (S.D. Ohio Nov. 24, 2021) (where defendant, who claimed to suffer from perceived long-haul symptoms, "ha[d] recovered from COVID-19 and [was] fully vaccinated against COVID-19, COVID-19 d[id] not present an extraordinary and compelling reason to grant his compassionate release from prison"); *United States v. Constantine*, Case No. 18-20655, 2021 WL 4487966, at *4 (E.D. Mich. Oct. 1, 2021) (joining other district courts around the country that found long-haul symptoms do not constitute extraordinary and compelling reasons for release from prison, particularly where any such symptoms are manageable in the prison setting, citing cases).  In any case, there is no evidence in Warden's post-COVID-19 medical records to indicate the presence of long-haul COVID-19 symptoms.

[4] The website reports that FCI Fairton has a current inmate population of 832.  https://www.bop.gov/locations/institutions/fai/ (last visited Dec. 28, 2021).

*Id.* (internal citation and quotation marks omitted).

Warden's expressed fear of reinfection does not help his cause. While the Centers for Disease Control and Prevention ("CDC") acknowledges reports of reinfection, such cases "remain rare." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited Dec. 28, 2021); *see also United States v. MacLloyd*, Nos. 21-1373/1447, 2021 WL 5263594, at *2 (6th Cir. Sept. 20, 2021) (citing CDC statement). Moreover, according to the BOP, there are currently no active positive cases of COVID-19 among inmates at Fairton. https://www.bop.gov/coronavirus (last visited Dec. 28, 2021.)

Finally, Warden invokes the Eighth Amendment in seeking redress for his perceived lack of adequate health care in prison. However, such claims are more properly addressed through 42 U.S.C. § 1983 or other appropriate civil remedy rather than through a motion for compassionate release. *See United States v. Guzman*, No. 3:10-CR-161-TAV-DCP, 2021 WL 5217624, at *6 (E.D. Tenn. Nov. 9, 2021), *appeal filed*, (6th Cir. Nov. 30, 2021) (No. 21-6125); *United States v. Quijada-Castillo*, Criminal Action No. 3:19-CR-20-CRS, 2021 WL 1930710, at *4 (W.D. Ky. May 13, 2021), *recons. denied*, 2021 WL 4786207 (W.D. Ky. Oct. 13, 2021).

Because Warden has failed to establish an extraordinary and compelling reason for a sentence reduction under § 3582(c)(1)(A)(i), his motion is DENIED. The Clerk is DIRECTED to mail a copy of this order to Defendant at the prison facility address listed on the docket. The Clerk is further DIRECTED to terminate D.E. 677.

IT IS SO ORDERED this 28th day of December 2021.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE